BOYER, Chief Judge.
Upon denial of his motion to suppress drugs seized from a mobile home occupied by him, the defendant pled nolo contendere to charges of possession of amphetamines and possession of less than five grams of marijuana, reserving the right to appeal the denial of his motion. The defendant was adjudged guilty of both charges. He was placed on probation on the charge of possession of amphetamines. After serving 30 days in the county jail, he was placed on probation for the possession of marijuana. The only issue before us is whether the trial court erred in denying the motion to suppress.
By prearrangement, a deputy sheriff met Dale, the brother of the defendant, at their mobile home for .the purpose of buying one thousand amphetamine tablets. The deputy had the money in his possession for their purchase. Although he did not enter the mobile home, the deputy saw men inside smoking, and smelled the odor of marijuana or hashish smoke coming from inside the home. After smelling the smoke, the deputy inquired if Dale had any marijuana or hashish for sale. Dale responded that they had plenty, and a sale was reached. He entered the home, and returned with a supply of hashish which was sold to the deputy.
Dale then told the deputy that he had only two hundred amphetamine tablets for sale at that time, and that the deputy should follow him to another mobile home park where he would obtain them. That was done: The sale was concluded, and Dale was arrested. Following his arrest Dale admitted that he and the defendant were selling amphetamines, and that the defendant gave him the two hundred tablets when he entered the mobile home to pick up the hashish.
Dale was transported to the jail, and the deputy remained there about one and one-half hours. Thereafter, the deputy along with several other officers returned to the mobile home to watch it. The deputy noticed that two vehicles were parked at the mobile home which were there when he left with Dale. They subsequently departed and were apprehended down the road by other officers. One of them had several packets of hashish in his possession.
The deputy then met with several other officers and after a conference decided there was still a quantity of drugs in the mobile home. In addition, they decided to enter the home, because they felt that the defendant would become suspicious because Dale had not returned, and would destroy the drugs.
The deputy went to the front door, and another officer went to the rear door. The deputy knocked and announced who he was. Upon doing this, he heard and saw the defendant running toward the back of the home. The deputy immediately broke a jalousie in the door glass, as did the officer at the rear door, and they entered the home. While they were breaking in the doors, they heard a commode flushing. Upon entering the bathroom, the officer rescued some marijuana from the commode. A subsequent search disclosed a few amphetamine pills and several smoked marijuana cigarettes.
The defendant moved to suppress this evidence because there was an absence of probable cause and exigent circumstances. We disagree. There was both.
AFFIRMED.
*341 McCORD, J., concurs.
MILLS, J., dissents.